**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| TERRYBEAR, INC., | Civil No. 10-3763 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER FOR ENTRY OF CONSENT JUDGMENT** |
| UNE BELLE VIE MEMORIAL URNS, LLC AND MIKE JAMALI, | |
| Defendants. | |

---

Anthony Zeuli and Thomas Leach, III, **MERCHANT & GOULD PC**, 80 South Eighth Street, Suite 3200, Minneapolis, MN 55402, for plaintiff.

This matter is before the Court on the parties' stipulation filed October 14, 2010 [Docket No. 3], **IT IS ORDERED AND ADJUDGED THAT:**

(a) DEFENDANTS and their employees, agents, or representatives agree never to use the terms "GLENWOOD" or "LATTICE," ODYSSEY, or anything confusingly similar to LATTICE or GLENWOOD or ODYSSEY, in connection or association with urns and memorials. DEFENDANTS have removed these terms from their marketing materials, including their web site. To this end, Terrybear represents that it has notified DEFENDANTS of their uses of these terms of which Terrybear is aware.

(b) DEFENDANTS and their employees, agents, or representatives agree never to make, have made, sell, offer for sale or import into the United States any heart-shaped urn the same as or substantially similar to the heart-shaped urn shown in U.S.

Patent No. D515,267. To this end Terrybear represents that it has notified DEFENDANTS of such heart-shaped urns offered for sale or sold by DEFENDANTS of which Terrybear is aware and that Terrybear contends is the same as or substantially similar to the heart-shaped urn as shown in U.S. Patent No. D515,267.

(c) DEFENDANTS and their employees, agents, or representatives agree never to make, have made, sell, offer for sale or import into the United States any urn the same as or substantially similar to the urn as shown in U.S. Copyright Registration No. VA 1-075-238. To this end Terrybear represents that it has notified DEFENDANTS of such urns offered for sale or sold by DEFENDANTS of which Terrybear is aware and that Terrybear contends is the same as or substantially similar to the urn as shown in U.S. Copyright Registration No. VA 1-075-238.

(d) DEFENDANTS agree to pay to Terrybear $3,500.00 within fifteen (15) days of the filing of this Consent Judgment with the Court. The Parties agree that such payment is in full satisfaction of any and all claims Terrybear has or may have had arising from or related to the allegations in its Complaint and any and all claims Terrybear has or may have had arising from products offered for sale or sold by DEFENDANTS, and that such payment constitutes full compensation and payment for any and all damages incurred by Terrybear or to which it may be entitled, including but not limited to damages for infringement under 17 U.S.C. § 101, et seq., actual damages, lost profits, statutory damages, and attorneys fees arising from or related to DEFENDANTS and products offered for sale or sold by DEFENDANTS.

(e) In the event Terrybear becomes aware of any alleged wrongful conduct by DEFENDANTS, including but not limited to any violation of the terms of this Consent Judgment Terrybear agrees to notify DEFENDANTS in writing regarding the alleged wrongful conduct and, within ten (10) business days of receipt of said notice DEFENDANTS shall cease, and if requested, cure such alleged wrongful conduct and may do so free from any allegation that the terms of this Consent Judgment have been violated. In the event DEFENDANTS do not cease and, if requested, cure such alleged wrongful conduct, Terrybear may pursue all legal remedies available to it against DEFENDANTS. The purpose of this provision is to provide a mechanism for the parties to resolve future disputes between them without using the courts in the first instance.

(f) Terrybear agrees to provide DEFENDANTS with a complete list of Terrybear's patents, copyrights, and trademarks within fifteen (15) days of the filing of this Consent Judgment with the Court. One purpose for Terrybear doing so is to provide DEFENDANTS with notice regarding Terrybear's intellectual property rights so that DEFENDANTS may avoid infringing those rights and may avoid allegations of such infringement.

(g) Nothing herein shall be construed as or deemed an admission of liability or otherwise by any of the Parties.

(h) DEFENDANTS agree that this Court may retain jurisdiction over this matter and the parties to the extent permitted by law, including to enforce this Consent Judgment, or both.

(i) PLAINTIFF agrees to the dismissal of its Complaint with prejudice subject to this Consent Judgment. This Consent Judgment constitutes a full release and discharge of all the claims set forth in the Complaint, as well as any claims which could have been filed arising from any matters set forth in the Complaint. Such release and discharge applies to any such claims against the officers, directors, employees, owners, subsidiaries, and related corporations of DEFENDANTS.

LET THE JUDGMENT BE ENTERED ACCORDINGLY.


DATED: October 29, 2010                        s/ John R. Tunheim
at Minneapolis, Minnesota.                    JOHN R. TUNHEIM
                                                             United States District Judge